UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARK ALAN AMBROSE,

    Petitioner,

v.                                        Case No. 5:05-cv-387-Oc-10GRJ

SECRETARY, DEPT. OF CORRECTIONS,

    Respondent.
_____

## ORDER DISMISSING PETITION

Petitioner initiated this case by filing a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Petitioner is serving sentences totaling five years' imprisonment imposed in November 2004 in Marion County pursuant to his guilty plea to charges of grand theft, tampering with a witness, battery, possession of cannabis, felony petit theft, and fraudulent use of a credit card. The Respondent has filed a Response, together with an appendix of the state record. Doc. 8 and App. The Respondent argues that the Petition should be dismissed because the claims asserted by Petitioner are unexhausted. Although afforded an opportunity to do so, Petitioner has neither filed a reply to the response, nor has Petitioner opposed Respondent's assertion that the Petition should be dismissed. Upon due consideration of the Petition, the Response, and the Appendix, the Court concludes that the Petition must be dismissed for failure to

exhaust state remedies.[1]

## **Exhaustion Requirement**

There are two prerequisites to federal habeas review: (1) "the applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated," and (2) "the applicant must have presented his claims in state court in a procedurally correct manner."[2] This means that "a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution[al] claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default."[3] Petitioners' pro se status does not alone amount to good cause.[4]

"[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State 'the opportunity to pass upon and correct' alleged violations of its prisoner's federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995). The Supreme Court has offered the following guidance for determining whether a habeas petitioner has met the "fair presentation"

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. See Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

[2] Upshaw v. Singletary, 70 F.3d 576, 578-579 (11th Cir. 1995) (citations omitted).

[3] Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994) (citing Wainwright v. Sykes, 433 U.S. 72, 87 (1977)).

[4] See Harmon v. Barton, 894 F.2d 1268, 1275 (11th Cir. 1990).

2

requirement. For purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief. In announcing that "the substance of a federal habeas corpus claim must first be presented to the state courts," the Court rejected the contention that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief. Picard v. Connor, 404 U.S. 270, 278 (1971).

Petitioner did not file a direct appeal of his conviction and sentences. Instead, he filed numerous motions in the trial court pursuant to Fla. R. Crim. App. 3.800 and 3.850, filing thirteen such motions between December 2, 2004, and April 11, 2005. See App. Petitioner was granted relief in the trial court on one such motion pertaining to prior custody credit; the remainder were denied. See App. tab A. at 28. Petitioner appealed only one trial-court order which denied several of Petitioner's pending postconviction motions; the trial court's order was summarily affirmed on May 31, 2005. See App. B. Petitioner unsuccessfully sought to invoke the discretionary jurisdiction of the Florida Supreme Court on September 27, 2005; the Court dismissed Petitioner's notice for lack of jurisdiction. App. tabs E, I, H.

Petitioner's first claim in the instant Petition is that he was denied the effective assistance of counsel because counsel failed to file a direct appeal, as allegedly instructed. Although Petitioner asserted this claim in one of his postconviction motions in the trial court, he concedes that he did not pursue a direct appeal of the

3

denial of that motion.  See Doc. 1 at 6-7, Exh. E.  Accordingly, this claim is unexhausted.

Petitioner's second and fourth claims are that the trial court sentenced him to serve part of his sentence in "N.P.I." (Nonsecure Programs, Inc., a drug treatment program), for which he would receive sentence credit.  Doc. 1 at 7-8, 10-11.  Although Petitioner raised this claim in one of his postconviction motions, and appealed the denial of the motion, a review of the record reflects that Petitioner never asserted the claim as a federal constitutional violation.  See Doc. 1 at 7-8, 10-11, Exh. A and D; App. tab A.  Accordingly, this claim is unexhausted for purposes of federal habeas review.

Petitioner's third claim is that the state court trial judge on postconviction review, Judge Lambert, who did not sentence Petitioner, was biased and prejudiced because the judge denied Petitioner's motion for relief concerning his participation in NPI.  See Doc. 1 at 9-10.  Although Petitioner pursued an appeal of Judge Lambert's order denying relief, he did not argue in that appeal that the judge was biased nor did he assert any federal constitutional violation in connection with such claim.  See Doc. 1, Exh. A., App. tab A.  Accordingly, this claim also is unexhausted.

Because Petitioner failed to exhaust his federal constitutional claims in state court, he is barred from pursuing his claims in federal court absent a showing of cause and actual prejudice.  Alderma, 22 F.3d at 1549.   Petitioner has made no such showing, nor does the record suggest that any cause or prejudice exist.  Even

if Petitioner returns to state court to exhaust such federal claims, he would now be time-barred from seeking further federal review. Accordingly, the Court finds that these claims are procedurally defaulted.

## Conclusion

For the reasons set forth in this Order, the Petition is **DISMISSED with prejudice.** The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 16th day of March 2009.

_____
UNITED STATES DISTRICT JUDGE

c: Mark Alan Ambrose
   Respondent